UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jacques Eid,

Petitioner–Defendant,

v.

United States of America,

Respondent–Plaintiff.

Case No. 3:22-cr-220

MEMORANDUM OPINION
AND ORDER

## I. Introduction

Petitioner Jacques Eid filed a motion for relief under 28 U.S.C. § 2255, asserting his sentence should be vacated because he received ineffective assistance of counsel during his sentencing proceedings. (Doc. No. 56). The government opposes Eid's motion. (Doc. No. 58). For the reasons stated below, I deny Eid's motion.

## II. Background

On March 1, 2023, Eid was charged by superseding indictment with two counts of wire fraud in violation of 18 U.S.C. § 1343, and three counts of filing false tax returns in violation of 26 U.S.C. § 7206(1). (Doc. No. 20). Eid agreed to plead guilty to the wire fraud charges and one count of filing false tax returns. (Doc. No. 44). Pursuant to the plea agreement, Eid would be required to pay restitution in the amount of $733,203.13 to the Internal Revenue Service, $14,760 to the United States Department of Education, $13,450 to Notre Dame Academy, $30,500 to St. Johns Jesuit High School, and $223,575.69 to the United States Department of Agriculture. (*Id.* at 11-12).

My colleague Judge James G. Carr, now on judicial inactive status, sentenced Eid to a term of 30 months in prison and 3 years of supervised release and ordered Eid to pay fines in a total amount of $797,151.38 and restitution in the total amount of $282,285.69. (Doc. No. 45).

## III. Analysis

Section 2255 permits a defendant to challenge the sentence he received through a claim that the defendant's sentence was "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Defendants challenging their sentence under § 2255 must identify a constitutional error, "a fundamental defect which inherently results in a complete miscarriage of justice, . . . an omission inconsistent with the rudimentary demands of fair procedure[, or] exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." *Hill v. United States*, 368 U.S. 424, 428 (1962) (citations and internal quotation marks omitted).

An ineffective assistance of counsel claim requires proof the petitioner's attorney provided deficient representation and that the attorney's deficient performance caused the petitioner to suffer prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's performance may be found to be deficient if it is "objectively unreasonable under prevailing professional norms." *Hodges v. Colson*, 727 F.3d 517, 534 (6th Cir. 2013) (citing *Strickland*, 466 U.S. at 688).

A petitioner also must show any error defense counsel allegedly committed was material. "To show prejudice in the guilty-plea context, a defendant 'must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and instead would have insisted on going to trial.'" *Hodges v. Colson*, 727 F.3d 517, 534 (6th Cir. 2013) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

As the government notes, Eid complains only about his trial attorneys' performance during his sentencing hearing, arguing they did not object to certain calculations used to determine his

Guideline range and the amount of restitution. (Doc. No. 56 at 5). He does not at any point assert that he would not have pled guilty if he knew of his attorneys' allegedly deficient performance. Therefore, he fails to demonstrate any error was material and cannot meet his burden to establish that he received ineffective assistance of counsel.

## IV. Conclusion

For these reasons, I deny Petitioner Jacques Eid's § 2255 motion. (Doc. No. 56).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge